# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                                                                                                **CR. No. 16-4571 JCH**

**GUY ROSENSCHEIN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This motion is before the Court on several discovery motions filed by the Defendant, Guy Rosenchein ("Rosenchein").

## BACKGROUND

The Government alleges that the investigation of Rosenschein began when the Bernalillo County Sheriff's Office ("BCSO") received two CyberTipline Reports from the National Center for Missing and Exploited Children ("NCMEC"). The two CyberTipline Reports were generated by Chatstep, an electronic service provider that hosts internet-based conversation (also known as "chats") between users. On July 31, 2016, NCMEC received CyberTipline Report 13456293 ("Jul. 31 Report"), in which Chatstep notified NCMEC that an image of child pornography was uploaded through its service. On August 8, 2016, NCMEC received CyberTipline Report 13596645 ("Aug. 8 Report"), wherein Chatstep notified NCMEC that a second image of child pornography was uploaded through its service. In both reports, Chatstep indicated that the user responsible for uploading the images was identified as "Carlo."

The Government further alleges that the CyberTipline Reports submitted to NCMEC indicate that the contraband images were submitted on behalf of Chatstep and PhotoDNA. PhotoDNA is a cloud-based service developed by Microsoft and available for organizations to use in order to help prevent the sharing of harmful, child exploitation images. PhotoDNA works by obtaining the hash value of a file and converting the file into a numerical value that is matched against databases of hash values of known child pornography. Through its use of PhotoDNA, Chatstep identified the two images distributed by "Carlo" as child pornography before the images were submitted to NCMEC. Notably, Chatstep did not submit to NCMEC the content of the chat session during which these images were distributed—it only submitted the contraband images. Without viewing the images, NCMEC forwarded the material to the New Mexico Attorney General's Office Internet Crimes Against Children ("ICAC") Task Force, and BCSO initiated a criminal investigation. Based on his investigation and review of the images previously identified as child pornography by Chatstep, BCSO obtained a state search warrant for Defendant's residence. During the execution of the state search warrant on November 8, 2016, law enforcement located a thumb drive attached to a keychain found in the ignition of Defendant's vehicle, which was found to contain images and videos of child pornography.

On December 7, 2016, a federal grand jury returned a three-count indictment against Defendant, charging violations of 18 U.S.C. § 2252A(a)(2), Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct; and 18 U.S.C. § 2252A(a)(5)(B), Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct.

**DISCUSSION**

I.   **Motion for the Production of *Brady* Materials [Doc. 56]**

   A.   **Legal Standard**

On March 9, 2018, Rosenchein filed this motion, and the Government filed its response [Doc. 64] on April 6, 2018. Rosenchein did not file a reply.

In the capital case of *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). *Brady* requires the prosecution to produce to the defendant, in advance of trial, material exculpatory evidence that is in its possession. 373 U.S. at 87; *United States v. Agurs*, 427 U.S. 97, 110-111 (1976); *United States v. Huddleston*, 194 F.3d 214, 222 (1st Cir. 1999). As the law has developed, even where a defendant fails to request *Brady* information, the prosecution is obligated to volunteer exculpatory information. *See Kyles v. Whitley*, 514 U.S. 419, 433 (1995). *Brady* disclosure obligations are quite broad, encompassing a government duty to "learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." *United States v. Combs*, 267 F.3d 1167, 1174-75 (10th Cir. 2001) (quoting *Kyles v. Whitley*, 514 U.S. at 433) (emphasis in original).

To establish a *Brady* violation, an accused must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material to the defense. *United States v. Velarde*, 485 F.3d 553, 558 (10th Cir. 2007); *Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007). There is no *Brady* violation where the defendant knew or

3

should have known of the material, exculpatory information or where the information was available to him from another source. *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007). Nor does the Constitution demand an open file policy. *See id*. at 437. *See also Smith v. Secretary Dep't of Corrections*, 50 F.3d 801, 823 (10th Cir. 1995) (noting that *Brady* does not require prosecution to divulge every shred of evidence that could conceivably benefit defendant). "[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure" and it acts at its own peril by failing to comply adequately with an order requiring disclosure of *Brady* material. *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988).

*Brady*'s disclosure requirements are limited to information in the government's possession or knowledge, whether actual or constructive. *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999); *Smith*, 50 F.3d at 825 n.36 (noting that where district attorney's office had actual knowledge of a separate investigation by authorities in separate county, it was reasonable to impute knowledge possessed by separate county to prosecution). A prosecutor may not avert *Brady* obligations by keeping himself ignorant or compartmentalizing information, *see Carey v. Duckworth*, 738 F.2d 875, 878 (7th Cir. 1984), though the government has no affirmative duty under *Brady* to seek out information that is not in its or its agents' possession. *See Graham*, 484 F.3d at 415-18 (stating there is no affirmative duty to discover information in possession of independent, cooperating witness and not in government's possession); *United States v. Moore*, 25 F.3d 563, 569 (7th Cir. 1994) (concluding *Brady* was not violated where both parties learned after trial that government witness had previous conviction for obstruction of justice and government did not possess knowledge of this information until after trial); *United States v. Baker*, 1 F.3d 596, 598 (7th Cir. 1995) ("Certainly, *Brady* does not require the government to

conduct discovery on behalf of the defendant."); *United States v. Flores*, 540 F.2d 432, 437 (9th Cir. 1976) (noting that government has no duty to fish through public records equally accessible to defense to collate information).

*Brady* is, nonetheless, read broadly to encourage prosecutors to carry out their "duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *United States v. Combs*, 267 F.3d 1167, 1174-75 (10th Cir. 2001) (quoting *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995)). "Information possessed by other branches of the federal government, including investigating officers, is typically imputed to the prosecutors of the case." *United States v. Beers*, 189 F.3d 1297, 1304 (10th Cir. 1999). Yet the Tenth Circuit in *Beers* held that the state's knowledge and possession of potential impeachment evidence would not be imputed to a federal prosecutor for purposes of *Brady*, at least absent a "joint investigation" by federal and state officials. *See id*. (emphasis added). *See also United States v. Romo*, 914 F.2d 889, 899 (7th Cir. 1990) (finding no error in denial of defendant's motion to compel prosecutors to make various inquires of local police in absence of showing by defendant that specific material, exculpatory information existed of which government knew).

### B. <u>Analysis</u>

Rosenschein asks for various categories of general information as well as groups of items more specific to this case for which he claims *Brady* requires disclosure by the Government. Rosenchein does not explain how any of the categories of evidence he seeks are exculpatory. Further, he does not identify any specific items of evidence which must be produced under *Brady* that he claims the Government has failed to produce despite having the evidence in its

possession. "The mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994).

Here, it is unnecessary for the Court to order the Government to disclose *Brady* material where the Government has acknowledged its duty to do so, has stated that it has disclosed information in its possession, and has represented as officers of the Court that it will continue to do so. The duty to determine what disclosure is required under *Brady* rests with the prosecution. *See Banks v. Reynolds*, 54 F.3d 1508, 1517 (10th Cir. 1995).

Accordingly, this portion of the motion will be denied as moot.

## II.     Motion for Disclosure of Prior Acts Evidence [Doc. 58]

On April 6, 2018, the Government filed its response [Doc. 66]; Rosenchein did not file a reply.

Federal Rule of Evidence 404(b) prohibits the use of evidence of a defendant's other crimes or wrongs "to prove the character of a person in order to show that person acted in conformity therewith." Fed. R. Evid. 404(b)(2). The notice requirement of 404(b) "'is not a tool for open ended discovery.'" *United States v. Jackson*, 850 F. Supp. 1481, 1493-94 (D. Kan. 1994) (quoting *United States v. Sims*, 808 F. Supp. 607, 610 (N.D. Ill. 1992), *aff'd* 76 F.3d 1145 (10th Cir. 1996)).  Instead, the timing and sufficiency of the notice reflects a desire "to reduce surprise [at trial] and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) advisory committee note.

Rosenschein acknowledges that the Government has already provided him with some Rule 404(b) evidence, but he argues that the purpose of the motion is "to crystalize what 404(b)

evidence the prosecution intends to introduce at trial, in order to allow the parties to fairly and fully litigate the admissibility of such evidence." In response, the Government points out that in the Scheduling Order [Doc. 49], the parties jointly agreed to a deadline for Rule 404(b) motions that is 13 working days before the call of the calendar, which in practice will fall at least three weeks before trial, and that this is even more generous than the deadline of 10 working days before trial that the undersigned district judge sets forth in her standard pretrial deadlines.

According to the Scheduling Order, the parties agreed to the deadlines described therein. Further, the Court concludes that the deadline for Rule 404(b) motions set forth in the Scheduling Order is reasonable under the circumstances of this case. Therefore, the motion will be denied.

### III. Motion for Early Disclosure of Jencks Act and Rule 26.2 Material [Doc. 59]

On April 6, 2018, the Government filed its response [Doc. 67]. Rosenchein did not file a reply brief.

The Jencks Act requires the government to disclose to criminal defendants any statement made by a government witness that is "in the possession of the United States" once that witness has testified. 18 U.S.C. § 3500(a) & (b). The Act "manifests the general statutory aim to restrict the use of such statements to impeachment." *Palermo v. United States*, 360 U.S. 343, 349 (1959). The Act serves the dual purposes of protecting the government's files from unwarranted disclosure and allowing defendants access to materials usable for impeachment purposes. *See United States v. Smaldone*, 544 F.2d 456, 460 (10th Cir. 1976).

The Act defines a witness "statement" as (1) a written statement made by the witness and signed or otherwise adopted or approved by him; (2) a stenographic, mechanical, electrical, or other recording or transcription thereof, that is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement or transcription made by the witness to a grand jury. 18 U.S.C. § 3500(e). The defendant bears the burden of showing that particular materials qualify as "statements," and that the purported statements relate to the subject matter of the witness's testimony. *Smaldone*, 544 F.2d at 460.

Under the Jencks Act, this evidence is not due until immediately after the witness's direct testimony. However, Rosenschein moves the Court to order the Government to provide Jencks Act material at least 30 days before trial. Defendant asks for it sooner so that he may conduct a thorough investigation. In response, the Government notes that there is no basis in criminal law to require it to disclose Jencks Act material 30 days before trial, but states that it has already agreed to provide the material to Rosenchein ahead of trial. Specifically, the Government says that it "anticipates making these disclosures at the same time is discloses its witness list [five working days before trial] or shortly thereafter, which is more than is required by law."

The Court concludes that the Government's offer to disclose Jencks Act material five working days before trial is appropriate. Therefore, the motion will be denied.

## IV. Other Matters

In accordance with the discussion held on the record at the status conference held on July 17, 2018, the following deadlines are in place.

Counsel for Defendant stated that he wishes to modify or supplement his Rule 17(c) motions [Docs. 54 and 60]. If he chooses to do so, he must file those documents on the record no later than Tuesday, **July 24, 2018**.

Defendant's supplemental brief on his motion to compel production of NCMEC materials under Rule 16 is due no later than Friday, **July 27, 2018** and may be no more than 12 pages in length. The Government has until Wednesday, **August 8, 2018** to file its response.

Defendant's additional brief relating to three of his motions to suppress which have been grouped together for briefing [Docs. 71, 74, and 77] is due no later than Wednesday, **August 1, 2018**.

**IT IS THEREFORE ORDERED** that:

(1) Rosenchein's Motion for the Production of *Brady* Materials [Doc. 56] is **DENIED AS MOOT**;

(2) Rosenchein's Motion for Disclosure of Prior Acts Evidence [Doc. 58] is **DENIED**;

(3) Rosenchein's Motion for Early Disclosure of Jencks Act and Rule 26.2 Material [Doc. 59] is **DENIED**; and

(4) Deadlines for additional briefing on pretrial motions are as set forth above.

_____
**UNITED STATES DISTRICT JUDGE**