IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 16-04571 JCH |
| | ) | |
| vs. | ) | |
| | ) | |
| **GUY ROSENSCHEIN**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO THE UNITED STATES' MOTION TO RECONSIDER THE COURT'S MAY 30, 2019 ORDER

The United States respectfully submits this reply in opposition to Defendant's Response to the United States' Motion to Reconsider the Court's Memorandum Opinion and Order Granting Motion to Compel NCMEC Materials. Doc. 168. Therein, Defendant argues that the Court should decline to reconsider its order because the United States could have corrected the factual inaccuracies during the hearing on April 4, 2019, and the new information presented by NCMEC was previously available. Again, Defendant's arguments are premised on factual misrepresentations, and the United States submits this reply to address these inaccuracies. Additionally, Defendant's silence with respect to the United States' prosecution team factors analysis is telling. The United States respectfully requests that the Court reject Defendant's arguments and vacate or reconsider its May 30, 2019 order.

### DISCUSSION

In his response, Defendant focuses on two key arguments in asking the Court to deny the United States' Motion to Reconsider the Court's May 30, 2019 Order. First, Defendant claims that the Court's findings are factually correct and the United States could have corrected any

incorrect information during the hearing. Despite Defendant's assertions, the United States was in no position to recognize—or correct, for that matter—the inaccuracies presented by Defendant. And the fact remains that the Court relied on incorrect information in reaching its decision. Second, Defendant claims that the information presented by NCMEC in its Motion to Vacate, Doc. 160, was previously available and, as a result, the Court is precluded from considering it now. Simply put, the corrected information presented by NCMEC was not previously available to the United States; if it were, the correct information would have been presented during the hearing. Finally, Defendant relies on only one factor in the prosecution team analysis to support his argument, without addressing how a CyberTip is any different from a report by any other third party. Defendant's silence on this point speaks volumes.

## I. The Court's Order is Premised on Factual Inaccuracies Presented by Defendant that he Continues to Promote.

In his response, Defendant again pushes his unsupported theory that NCMEC is somehow responsible for, or involved with, prosecutorial charging decisions. Doc. 168 at 4-5 (claiming that NCMEC "determined" that "this case should be prosecuted in New Mexico…"). To be clear, NCMEC played no role in the decision to prosecute Defendant. In fact, NCMEC makes no determination whatsoever as to which, or how, any offender is prosecuted. NCMEC's act of forwarding information from an electronic service provider (ESP) to law enforcement is simply a referral for a determination *by law enforcement* as to whether to launch a formal investigation. The question of prosecution is another step entirely. Defendant's claim, that he was simply making an analogy when he compared CyberTipline reports to criminal complaints, loses credibility when he continues to present similar, factually unsupported assertions.

## II. The United States Attorney's Office Cannot be Expected to Have Knowledge of NCMEC's Inner Workings.

Defendant claims that the undersigned Assistant United States Attorney (AUSA) "actually works with NCMEC," and thought so little of Defendant's mischaracterizations regarding NCMEC that she did not bother to make corrections. Doc. 168 at 11. First, the United States was in no position to assess the accuracy of Defendant's statements regarding the internal operations of NCMEC. *See* Doc. 160 at 3 (NCMEC explaining, "[T]he government is not counsel for NCMEC, is not in a position to understand NCMEC's operations or structure, and does not have access to NCMEC's documents…"); Doc. 163 at 4. To blatantly suggest that counsel for the government "actually works with NCMEC" is completely false. Second, many of Defendant's factual misrepresentations were made for the first time during the hearing, further handicapping the United States. That is, even if the United States did recognize Defendant's statements as inaccuracies and half-truths, the United States was not the best entity to respond.[1] In light of the United States' arms-length relationship with NCMEC, it is understandable that the United States was unable to recognize or completely correct Defendant's statements during the hearing. This further supports the notion that NCMEC is not a member of the prosecution team.

## III. Defendant Fails to Address How the Single Remaining Prosecution Team Analysis Factor Would Subject NCMEC to Prosecution Team Status.

With respect to the prosecution team analysis factors,[2] Defendant claims that the United States "concedes that the second factor … is unquestionably met" and suggests he would need to

---

[1] The United States did attempt to correct at least one mischaracterization made by Defendant with respect to NCMEC's CVIP program. *See* Tr. at 57-58 (Apr. 4, 2019 Motion Hearing). But even then, NCMEC's subsequent motion provided a much more detailed, accurate, and nuanced description of their program. Doc. 160 at 11, 13. It is clear that NCMEC, not the United States, is in the best position to comment on its own internal operations.

[2] Determining whether an agency is a member of the prosecution team for discovery purposes requires analysis of several factors, including: 1) whether the prosecutor and agency in question conducted a joint investigation, *United States v. Pelullo*, 399 F.3d 197, 218 (3d Cir. 2005); 2) whether the prosecutor had knowledge of, or obtained

conduct discovery to address the first and third factors. Doc. 168 at 13. Defendant's argument misses the mark. First, Defendant fails to acknowledge that the first and third factors are simply *not* satisfied. There was no joint investigation, NCMEC did not determine that Defendant would—or should—be prosecuted, and no one on the prosecution team or at DOJ can direct actions at NCMEC. *See also* Doc. 163 at 6-7. Any additional request for discovery on these factors would amount to a *very* thinly veiled fishing expedition when NCMEC has spoken clearly on these issues. Finally, with respect to the second factor, the United States has reasonably pointed out that this factor standing alone is insufficient to bring NCMEC into the fold as a member of the prosecution team. If this single factor were sufficient, such a holding would mean that any private party providing items of evidentiary value to the prosecution becomes a member of the prosecution team. Defendant is completely, and tellingly, silent on the troubling implications of such a result. In light of the record as corrected by NCMEC, it is clear that NCMEC's actions in this case cannot reasonably support a finding that it is a member of the prosecution team.

## **CONCLUSION**

For the foregoing reasons, the Court should reject Defendant's arguments and vacate or reconsider its May 30, 2019 ruling in light of the new information presented by NCMEC.

---

information or evidence from the agency in question, *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996); and 3) whether the prosecution is able to direct the actions of the agency in question, *Pelullo*, 399 F.3d at 218.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed August 5, 2019*
SARAH J. MEASE
HOLLAND S. KASTRIN
Assistant United States Attorneys
P.O. Box 607
Albuquerque, N.M. 87103

I HEREBY CERTIFY that the foregoing pleading was filed electronically through the CM/ECF system, which caused counsel of record for Defendant to be served by electronic means.

*/s/*
SARAH J. MEASE
Assistant United States Attorney