IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                        CR 16-4571 JCH

GUY ROSENSCHEIN,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Ritter [Doc. 189], filed November 5, 2019, which recommends that the Court grant in part and deny in part Non-Parties Microsoft Corporation, Courtney Gregoire, and Greg Clark's Motion to Quash Defendant's Rule 17(a) subpoenas. [Doc. 169]. The Court referred the Motion to Magistrate Judge Ritter pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a). [*See* Doc. 186 (Order of Reference)]. After briefing was complete, Magistrate Judge Ritter recommended that the Court quash the subpoena issued to Ms. Gregoire but require Mr. Clark to testify at Defendant Rosenschein's suppression hearing. [*See generally* Doc. 189]. As permitted by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a), Defendant objected to Judge Ritter's recommendation on November 19, 2019, arguing that the subpoena to Ms. Gregoire should not be quashed. [*See* Doc. 191]. Neither Microsoft, Ms. Gregoire nor Mr. Clark objected to Magistrate Judge Ritter's recommendation, but Microsoft and Ms. Gregoire responded to Defendant's objections and argued that they should be overruled on December 10, 2019. [*See* Doc. 197]. Defendant filed a reply brief on December 24, 2019, completing the briefing on Defendant's objections. [*See* Doc. 198]. Having reviewed Magistrate

1

Judge Ritter's PFRD and considered the parties' positions, the Court finds that Magistrate Judge Ritter's factual findings are not clearly erroneous and, therefore, adopts them. However, the Court reverses Magistrate Judge Ritter's legal conclusion and subsequent recommendation that the Court quash Defendant's subpoena to Ms. Gregoire for the reasons that follow.

I. **STANDARD OF REVIEW**

As the Court explained in its last Memorandum Opinion and Order which addressed Defendant's objections to Magistrate Judge Ritter's findings and recommendation to modify Defendant's Rule 17(c) subpoena duces tecum to Microsoft, Defendant's request for de novo review of Magistrate Judge Ritter's PFRD is misplaced. [*See* Doc. 191, p. 1; Doc. 199, pp. 1-3]. De novo review is the standard for dispositive recommendations. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Crim. P. 59(b). On the other hand, pretrial, non-dispositive, motions (like this one) resolved by a Magistrate Judge are reviewed by a District Judge under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a) ("[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."). As the Court noted previously, this standard is akin to that applied in civil disputes under Fed. R. Civ. P. 72. [*See* Doc. 199, p. 2 (citing *United States v. Doby*, 928 F.3d 1199, 1206 (10th Cir. 2019))]. Under Fed. R. Civ. P. 72, "[t]he clearly erroneous standard … requires the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).[1] "Under the 'contrary to law' standard, the district judge conducts a plenary

---
[1] "As the Seventh Circuit has articulated the standard, to be clearly erroneous 'a decision must strike [the Court] as more than just maybe or probably wrong; it must … strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *STC.UNM v. Quest Diagnostics Inc.*, CV 17-1123 MV/KBM, 2018 WL 3539820 at *1 (D.N.M. 2018) (quoting *Parts &Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

2

review of the magistrate judge's legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Coll v. Stryker Corp.*, CV 14-1089 KG/SMV, 2017 WL 3190658, at *7 (D.N.M. 2017) (cited authority omitted). Thus, the clearly erroneous or contrary to law standard is far more deferential to a Magistrate Judge's findings and conclusions than the fresh look the Court would undertake if it were conducting de novo review. That said, the Court ultimately agrees with Defendant that Magistrate Judge Ritter's legal conclusion in the PFRD rested on an inapplicable legal premise and must be reversed.

**II.    BACKGROUND[2]**

Defendant is charged with the distribution and possession of child pornography. [*See* Doc. 1]. Law enforcement began investigating Defendant after he sent two images through electronic service provider Chatstep, which Chatstep identified as child pornography through the use of Microsoft's PhotoDNA service. PhotoDNA is a cloud-based service developed by Microsoft in conjunction with the National Center for Missing and Exploited Children ("NCMEC") to help prevent the sharing of child pornography. It works by analyzing digital images to create a unique "hash value" of a file that is then matched against databases of hash values of known child pornography. After receiving the images from Chatstep, NCMEC did not view them, but forwarded them onto the New Mexico Attorney General's Office Internet Crimes Against Children Task Force.

Through motions to suppress, Defendant has "challenged the constitutionality of the search and seizure of digital images by Microsoft's PhotoDNA program." [Doc. 174, p. 2 (citing Doc. 74)]. "In short, Dr. Rosenschein has argued that Microsoft's longstanding relationship with

---

[2] As stated, no party objects to Judge Ritter's factual findings. Therefore, they are adopted in full and only repeated here where pertinent to the Court's conclusion.

NCMEC, coupled with NCMEC's acquiesce (sic) in Microsoft's conduct, and Microsoft (sic) intention to assist NCMEC and other law enforcement agencies with the PhotoDNA program, ran afoul of Dr. Rosenschein's Fourth Amendment Rights to be free of intrusive governmental oversight." [*Id.* (citing Doc. 71, pp. 13-19)]. Specifically, Defendant argues that "Microsoft's PhotoDNA program indiscriminately seized, searched and hashed every image passing through Chatstep's service without any concerns about having reasonable suspicion or probable cause to believe a crime had been committed before doing so." [*Id.*].

Seeking evidence to support his motions to suppress, Defendant subpoenaed two Microsoft employees: Ms. Gregoire and Mr. Clark. [*See* Doc. 169-1, p. 5; Doc. 169-2, p. 5]. Microsoft, Ms. Gregoire and Mr. Clark moved to quash the subpoenas, claiming that any relevant testimony they could offer would be cumulative of the testimony of Microsoft employee Jeff Lilleskare, whose declarations were offered by the United States in support of its Response and Surreply briefs in opposition to Defendant Motion to Suppress Evidence Under [*United States v.*] Ackerman[, 831 F.3d 1292 (10th Cir. 2016)]. [Doc. 74; *see* Docs. 82-6 (Lilleskare Declaration), 94-1 (Supplemental Declaration)]. Ms. Gregoire and Mr. Clark also sought to quash the subpoenas to them because testifying at Defendant's suppression hearing would be unduly burdensome. [*See* Doc. 169-1, p. 1; Doc. 169-2, p. 3]. Finally, Ms. Gregoire, who is Microsoft's Chief Digital Safety Officer and Assistant General Counsel, argued that "any testimony Ms. Gregoire could provide about her work on PhotoDNA undoubtedly would raise serious privilege concerns and intrude upon her attorney-client relationship with Microsoft." [Doc. 169, p. 12].

Pertinent here, Magistrate Judge Ritter found that both Ms. Gregoire and Mr. Clark can provide testimony that is relevant to Microsoft's relationships with NCMEC and Chatstep, how PhotoDNA was developed, and Microsoft's alleged intent to assist NCMEC as well as other law

enforcement agencies. [*See* Doc. 189, p. 7]. In other words, Magistrate Judge Ritter ruled that Defendant sufficiently demonstrated that the testimony sought by his subpoenas is both relevant and material to the issues raised by his suppression motions. [*Id.*]. Nonetheless, Magistrate Judge Ritter concluded that the subpoena to Ms. Gregoire should be quashed because the only testimony she could offer would arguably be cumulative in light of Mr. Lilleskare's proposed testimony. [*See id.*, p. 9]. On the other hand, Magistrate Judge Ritter denied Mr. Clark's Motion to Quash in its entirety, finding that his testimony would not be cumulative and that he had failed to establish that appearing to testify would be unreasonable or oppressive. [*Id.*, p. 10].

Defendant's primary objection to Magistrate Judge Ritter's recommendation that the subpoena to Ms. Gregoire be quashed is that the Federal Rules of Evidence (from which Magistrate Judge Ritter borrowed the cumulativeness exception he relied upon) do not apply to suppression hearings. [*See* Doc. 191, pp. 3-6]. Microsoft and Ms. Gregoire respond to Defendant's objection by pointing out that subpoenas have been quashed by various federal courts on cumulativeness grounds and that Magistrate Judge Ritter properly employed those grounds to prevent abuse of the subpoena power by Defendant here. [*See* Doc. 197, pp. 4-5]. Microsoft and Ms. Gregoire alternatively argue that the Court should affirm Magistrate Judge Ritter's recommendation because appearing and testifying would be unreasonable and oppressive to Microsoft (which would be presenting three employees at the hearing) and to Ms. Gregoire, who is required to travel extensively for work. [*See* Doc. 197, pp. 10-11].

The Court concludes that the Magistrate Judge's decision to quash Defendant's subpoena of Ms. Gregoire was clearly erroneous and should be reversed.

### III. ANALYSIS

Motions to suppress evidence are governed by Rules 12 and 41 of the Federal Rules of Criminal Procedure, which provide that a motion to suppress must be made *before* trial. Federal Rule of Evidence 1101 states that the rules of evidence do not apply to preliminary examinations in criminal cases or on preliminary questions of fact governing the admissibility of evidence. *See also U.S. v. Matlock*, 415 U.S. 164, 172-174 (1974); *U.S. v. Conner*, 699 F.3d 1225, 1227-1228 (10th Cir. 2012). As Defendant points out, this Court has recognized this principle in past decisions. *See* Doc. 191, p. 3 (citing *U.S. v. Alvarado*, CR 13-4064 JCH, 2015 WL 13666981 at *6 (D.N.M. February 9, 2015)). The Tenth Circuit is in accord. *See, e.g., United States v. Miramonted*, 365 F.3d 902, 904 (10th Cir. 2004) (concluding that hearsay testimony is admissible at suppression hearings ) (citing *Matlock*, 415 U.S. at 173). Thus, Judge Ritter's reliance on Rule 403 of the Federal Rule of Evidence to conclude that a subpoena seeking cumulative evidence should be quashed was contrary to the law of this circuit. While Microsoft is correct that Magistrate Judge Ritter is not the first judge to rule that a subpoena to a cumulative witness for a suppression hearing should be quashed, *see, e.g., U.S. v. Fletcher*, 237 F. App'x 805, 807 (4th Cir. 2007) (unpublished) (citing *U.S. v. Espinoza*, 641 F.2d 153, 159 (4th Cir. 1981)), this Court's prior decisions and binding Tenth Circuit precedent compel it to overrule Magistrate Judge Ritter's conclusion. Accordingly, Defendant's objection will be sustained.

Ms. Gregoire raised two other grounds to quash Defendant's subpoena: oppressiveness and the attorney-client privilege. Turning first to oppressiveness, the Court finds that requiring Ms. Gregoire to testify at the suppression hearing would not be oppressive or unreasonable. Microsoft's position that it should not be required to present three employees at the same hearing ignores the

6

fact that Defendant has demonstrated that both employees he subpoenaed have relevant knowledge which is material to the issues raised in his motions to suppress. Further, Defendant has subpoenaed only two Microsoft witnesses with differing areas of knowledge. It was the government who requested the participation of the third witness, Mr. Lilleskare, not Defendant.

Furthermore, Ms. Gregoire's reliance on her travel schedule to support her oppressiveness argument does not outweigh Defendant's right to compel her to testify under Rule 17(a). Many witnesses who testify before this Court are busy professionals with packed calendars; Ms. Gregoire's situation is not unusual. Moreover, preparing for the hearing by meeting with Microsoft's attorneys is not the oppression contemplated by the Rules, nor is it unreasonably burdensome. Finally, Defendant has agreed to permit Ms. Gregoire to testify via video conference if the Court deems it necessary. [*See* Doc. 198, p. 14]. Under these circumstances, Ms. Gregoire's oppressiveness arguments are without merit.

Finally, the Court rejects the contention that Defendant's questions may implicate the attorney-client privilege. Microsoft and Ms. Gregoire have failed to provide the Court with any meaningful explanation of how the questions Defendant seeks to ask Ms. Gregoire at the hearing will elicit testimony protected by the privilege. It appears to this Court that Defendant intends to ask Ms. Gregoire in large measure about Microsoft's contractual relationships with other parties. It is far from clear how this testimony could be privileged. Defendant also seeks to ask Ms. Gregoire about her prior public statements regarding the development of PhotoDNA. Again, such questions raise no obvious privilege issue. However, if at the hearing Defendant's questions cross the line into privileged communications, Microsoft and Ms. Gregoire can object at that time. They may not rely on a blanket, unsupported assertion of the attorney-client privilege before the hearing.

*See, e.g. In re Le Fande*, 919 F.3d 554, 563 (D.C. Cir. 2019). Rather, Ms. Gregoire must appear at the hearing and assert the privilege to specific questions posed by Defendant. *Id.*

## IV. CONCLUSION

"The principle that the rules of evidence do not operate with full force at pretrial suppression hearings is based on the assumption that more evidence should be included in a pretrial hearing because the judge, unlike a jury, can give the evidence such weight as [her] judgment and experience counsel." *Alvarado*, 2015 WL 13666981 at \*6 (quoting *Conner*, 699 F.3d at 1227-1228) (internal alterations omitted). For this reason, the Court will admit evidence at the suppression hearing that might otherwise be excluded under the Federal Rules of Evidence where, as here, Defendant has shown the evidence to be relevant and material. Because Magistrate Judge Ritter's recommendation to quash the subpoena to Ms. Gregoire recognized that her testimony may be relevant and material, it should not have been excluded as cumulative. Therefore, the recommendation is reversed as to Ms. Gregoire.

Wherefore, it is therefore ordered that Defendant's Objection [*see* Docs. 191, 198] to Magistrate Judge Ritter's PFRD [Doc. 189] is **sustained**. Accordingly, the Court **adopts** the PFRD in part and overrules it in part and hereby orders Microsoft to produce as witnesses Ms. Gregoire and Mr. Clark at the hearing on Defendant's motions to suppress, which has been set by a separate order.

_____
**UNITED STATES DISTRICT JUDGE**