# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

**vs.**                **CR. No. 16-4571 JCH**

**GUY ROSENSCHEIN,**

   **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *United States' Opposed Motion to Exclude Defense Witnesses* [Doc. 175]. The Government asks the Court to restrain Defendant from calling certain witnesses at the upcoming hearing on his motions to suppress on the grounds that their testimony will be either irrelevant or duplicative. Defendant has filed a response [Doc. 180], and the Government a reply. [Doc. 184]. After reviewing these arguments and the law, the Court concludes that the motion should be denied.

## DISCUSSION

Defendant's pretrial motions to suppress are set for evidentiary hearing the week of July 27, 2020. According to the Government, Defendant intends to call four Microsoft witnesses (Courtney Gregoire and Greg Clark), four NCMEC witnesses (John Clark, Yiota Souras, Megan Klotzel, and Jessica Hines), two Chatstep witnesses (Saurabh Davala and Sundeep Gottipati), and three law enforcement witnesses (Kyle Hartsock, Ross Zuercher, and Sherman Wooden). The Government contends that it cannot discern the relevance of some of these defense witnesses. It asserts that others are duplicative or cumulative of the witnesses that Microsoft intends to call at

the hearing, and that Defendant should rely on those witnesses instead. Citing Rules 401 and 402 of the Federal Rules of Evidence, the Government asks the Court to exclude some of Defendant's witnesses.

Federal Rule of Evidence 1101 states that the rules of evidence do not apply to preliminary examinations in criminal cases or on preliminary questions of fact governing the admissibility of evidence. *See United States v. Matlock*, 415 U.S. 164, 172-174 (1974); *United States v. Conner*, 699 F.3d 1225, 1227-1228 (10th Cir. 2012). This Court and the Tenth circuit have recognized this principle. *See, e.g., United States v. Miramonted*, 365 F.3d 902, 904 (10th Cir. 2004) (concluding that hearsay testimony is admissible at suppression hearings ) (citing *Matlock*, 415 U.S. at 173); *U.S. v. Alvarado*, CR 13-4064 JCH, 2015 WL 13666981 at *6 (D.N.M. February 9, 2015)).

The Government argues that Microsoft has identified a company representative, Jeff Lilleskare, whom it plans to call to testify at the hearing and whom it argues can speak to the relevant issues. It contends that additional Microsoft witnesses are not necessary. The Court has previously addressed this issue in its Memorandum Opinion and Order of March 5, 2020 [Doc. 203], in which it concluded that the Rules of Evidence do not apply in pretrial hearings and that subpoenas for Ms. Gregoire and Mr. Clark should not be quashed. In addition to the reasons set forth in that previous opinion (which it incorporates herein), the Court would add that it declines to dictate to Defendant which Microsoft witness or witnesses he may call in support of his own motion or to force him to use a corporate witness chosen by either the company or the Government. Defendant has given a facially valid reason for calling Ms. Gregoire and Mr. Clark in support of his motion to suppress; the Court will not interfere with the manner in which he chooses to mount his defense.

The same holds true for Defendant's expected NCMEC, Chatstep, and law enforcement witnesses. The Government suggests that its own witnesses—John Shehan (NCMEC), Saurabh Davala (Chatstep), and Kyle Hartsock (law enforcement)—should be sufficient for Defendant's purposes. However, as previously state the Court will not constrain Defendant to calling witnesses chosen by the Government or third parties at a pretrial hearing at which the Rules of Evidence do not apply.

That said, the Court will caution Defendant that the time allotted for this hearing is limited, and he should exercise care in avoiding putting on evidence that is irrelevant or duplicative. If at the hearing it becomes necessary to protect the efficient use of the Court's time and resources, the Court will sustain an objection to testimony that is redundant or otherwise unhelpful.

**IT IS THEREFORE ORDERED** that the *United States' Opposed Motion to Exclude Defense Witnesses* [Doc. 175] is **DENIED**.


_____
**UNITED STATES DISTRICT JUDGE**