IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiffs,

vs.                                        CR. No. 16-4571 JCH

GUY ROSENSCHEIN,

      Defendant.

## MEMORANDUM OPINION AND ORDER

The subjects of this Memorandum Opinion and Order are the Defendant's *Objections to Conducting His Suppression Hearing by Zoom* [Doc. 280] and the *United States' Motion for Clarification and Request for Telephonic Phone Conference* [Doc. 282]. At issue is whether the Court may hold a pretrial suppression hearing at which everyone, including Defendant, participates via videoconference. The Court has considered Defendant's objections, the Government's motion, Defendant's Declaration [Doc. 283-1], and the arguments of counsel at a telephonic status conference held July 21, 2020. Defendant was present at the status conference. After considering all of the foregoing, the Court announced at the status conference that it will hold the suppression hearing via videoconference. As explained at the status conference and as further explained herein, this procedure will not violate Defendant's rights. Accordingly, his objections are overruled. The Government's motion for status conference and request to proceed with the hearing is granted.

## BACKGROUND

Defendant has filed numerous motions to suppress evidence, *see, e.g.*, Docs. 71, 74, 77, 254, and 269. The oldest of these were filed in April of 2018 but were not fully briefed until August

15, 2018. The parties requested that the Court postpone a hearing on these motions until after they were able to litigate discovery issues with third parties, including NCMEC, Microsoft, and ChatStep. The Court did so, and eventually a hearing was set to take place on June 10, 2019. Defendant asked the Court to vacate this hearing, a request which the Court granted over the objection of the Government. Because the parties agreed that the hearing would take about one week, the Court asked them to confer and offer some dates that would work for all parties. They did so, and on March 3, 2020, the Court reset the suppression hearing to begin on July 27, 2020.

In early March when the Court set the hearing, the COVID-19 pandemic was in its early stages, and it was not clear to the parties or the Court how disruptive it would be. At this time, the President of the United States, the Governor of the State of New Mexico, and the Mayor of the City of Albuquerque (where the hearing is set to take place) have all declared a state of emergency. The United States Congress has passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. In recognition of this public health crisis, the CARES Act temporarily expands the circumstances under which a Court may conduct proceedings via videoconference in a criminal case to include, inter alia, initial appearances, arraignments, felony pleas, and sentencings. Pub. L. No. 116-136, § 15002(b), 134 Stat. 281 (2020). At this time the United States District Court for the District of New Mexico is not conducting jury trials, and the Chief Judge has limited to ten the number of persons who can be in a courtroom simultaneously[1], also due to concerns over spreading the coronavirus. As the Court writes this, both New Mexico generally and Bernalillo County specifically are experiencing a surge of COVID-19 cases that has spurred the Governor to prohibit

---

[1] In order to hold this hearing in person, a bare minimum of twelve people would have to be in the courtroom simultaneously: the Defendant, two Deputy U.S. Marshals, defense counsel and either his co-counsel or paralegal, two Assistant U.S. Attorneys, the case agent, the witness, the court reporter, the law clerk, and the Court.

2

indoor dining and restaurants and prompted Albuquerque Public Schools to start the school year online rather than with in-person classes.

At a telephonic status conference held on April 23, 2020, the Court understood from the parties that some witnesses would be appearing at the suppression hearing via videoconference. In light of the prevailing conditions and in the interest of public health, on July 2, 2020 the Court notified the parties that it intended to conduct the upcoming suppression hearing using Zoom, a videoconferencing platform. The Court will follow a procedure in which the Court, members of court staff, attorneys, and witnesses appear at the hearing from their homes or offices via videoconference. The sole exceptions would be Defendant and his defense team, who also will appear via videoconference but will all be together in the courtroom to facilitate their ability to communicate with their client while also safely social-distancing. Members of the public will be able to observe the proceedings electronically as well.

Defendant has filed his objections [Doc. 280] to that procedure. Despite the fact that he has been in custody since his arrest on November 9, 2016—a period of approximately 1,350 days—Defendant asserts that he is willing to waive his speedy trial rights and continue his pre-trial detention indefinitely, until it is safe to hold an in-person hearing. The Government objects, citing the interests of the Defendant, the victims, and the public in a speedy trial.

## **DISCUSSION**

Defendant argues that to hold a suppression hearing in which everyone, including himself, participates via videoconference would violate Rule 43 of the Federal Rules of Criminal Procedure, as well as his constitutional rights to due process, to confront witnesses against him and to effective assistance of counsel. For the reasons set forth below, as well as for the reasons

set forth on the record in open court on July 21, 2020, the Court concludes that holding the hearing by videoconference does not violate Defendant's rights.

**I.      Rule 43**

Rule 43 of the Federal Rules of Criminal Procedure, entitled "Defendant's Presence," provides that the Defendant must appear in person at certain stages of the proceedings. It provides, in pertinent part:

> (a) **When Required.** Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:
> (1) the initial appearance, the initial arraignment, and the plea;
> (2) every trial stage, including jury impanelment and the return of the verdict; and
> (3) sentencing.

Fed. R. Crim. Pro. 43(a). Thus, by its plain terms, Rule 43 does not require a defendant's presence at a hearing on a motion to suppress, which does not satisfy any of the types of hearings listed there. In particular, a hearing on a motion to suppress is not a stage of the trial (unlike the two stages listed by the rule, jury impanelment and return of the verdict); rather, it is a *pretrial* proceeding. Even more to the point, the advisory committee notes to this portion of the rule state, "This principle does not apply to hearings on motions made prior to or after trial." In other words, the defendant's presence is not required at hearings on pretrial and post-trial motions. A motion to suppress is a pretrial motion, and therefore Defendant's personal presence is not required. In light of that fact, Rule 43 does not bar holding a suppression hearing in which the defendant and others participate using videoconferencing software.

None of the cases cited by Defendant address the applicability of Rule 43 to a pretrial suppression hearing. And, as the Government points out the Tenth Circuit has not reached the question of whether a defendant has a right to be personally present at a suppression hearing. *See*

*Springfield v. Hettgar*, 1999 WL 786789 (10th Cir. Oct. 4, 1999) (unpublished) ("We need not decide whether a defendant's right to be present extends to a pretrial suppression hearing."). However, other courts have examined the text of Rule 43 and found nothing requiring the presence of a defendant at a pretrial motion hearing. For example, the Sixth Circuit examined the issue in a case where the defendant objected because the judge appeared at his suppression hearing via videoconference. *United States v. Burke*, 345 F.3d 416 (6th Cir. 2003). After analyzing the text of Rule 43, the court concluded that a suppression hearing is not a "stage of the trial" within the meaning of the rule and therefore the defendant had no right to be physically present in the space room with the judge. *Id*. at 422. Courts have found Rule 43 to be inapplicable to other types of pretrial hearings as well, such as *Daubert* hearings, *United States v. Karmue*, 841 F.3d 24, 28 (1st Cir. 2016), *James* hearings, *United States v. Pepe*, 747 F.2d 632, 653 (11th Cir. 1984) ("We think it clear that [defendant] had no right under Rule 43 to be present throughout the taking of testimony at the *James* hearing."), and motions in limine, *Taylor v. United States*, 385 F.2d 835, 836 (8th Cir. 1967) (per curiam) (no right to be present for a hearing on motions in limine). During this global pandemic a district court in California held that a *Daubert* hearing could be held remotely because Rule 43 does not apply to pretrial hearings. *United States v. Nelson*, No. 17-cr-00533-EMC-1, 2020 WL 3791588 at *4 (N.D. Cal. Jul. 7, 2020).

The Court agrees with the reasoning in these cases. In sum, the text of Rule 43 does not support the conclusion that Defendant has a right to be present at the suppression hearing.

## II.     **Right to Confront Witnesses**

Defendant argues that the Confrontation Clause gives him the right to be present at an in-person suppression hearing.

Our Constitution's Sixth Amendment provides the accused in criminal cases with the right "to be confronted with the witnesses against him." The Confrontation Clause provides two types of protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination. *Delaware v. Fensterer*, 474 U.S. 15, 18-19 (1985) (per curiam).

However, the Supreme Court has suggested that the Confrontation Clause does not apply to pretrial hearings, repeatedly explaining that "[t]he right to confrontation is basically a trial right." *Barber v. Page*, 390 U.S. 719, 725 (1968); *see also Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987) (plurality opinion) ("The opinions of this Court show that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.") (emphasis in original); *California v. Green*, 399 U.S. 149, 157 (1970). The Supreme Court decision in *Kentucky v. Stincer*, 482 U.S. 730 (1987) provides a guidepost. There, the Supreme Court held that a defendant's physical absence from a competency hearing did not violate the Sixth Amendment or due process (under the Fourteenth Amendment). *Id.* at 744-48. However, the parties do not cite and the Court cannot find any Supreme Court case definitively ruling on the matter.

The parties appear to agree that the Tenth Circuit has not ruled on this question either, although the Government points to several cases in which the Tenth Circuit has intimated that the right to confrontation is unlikely to apply at suppression hearings. In *United States v. Garcia*, 324 Fed. App'x 705, 708 (10th Cir. 2009), the court observed, "There is no binding precedent from the Supreme Court or this court concerning whether *Crawford* applies to pretrial suppression hearings. To the extent that we can divine clues from our case law concerning the resolution of this issue,

6

they do not benefit [the defendant]." The Court is unaware of any subsequent guidance from the Tenth Circuit on this issue.

A couple of other Circuit Courts of Appeals have weighed in. In *Ebert v. Gaetz*, 610 F.3d 404, 414 (7th Cir. 2010), the Seventh Circuit concluded that the admission of an alleged accomplice's statement at a suppression hearing did not implicate the Confrontation Clause. *Cf. United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) ("[W]e hold that *Crawford v. Washington* does not apply to the foundational evidence authenticating business records in preliminary determinations of the admissibility of evidence."). The Third Circuit has held it was not plain error for the district court to admit hearsay statements during a suppression hearing, because "[t]he Supreme Court has never suggested ... that the Confrontation Clause applies during a pre-trial suppression hearing." *United States v. Robinson*, 663 F. App'x 215, 218 (3d Cir. 2016) (unpublished). Finally, there are decisions from the District of New Mexico holding that the Confrontation Clause does not apply in a suppression hearing. *See, e.g., United States v. Stewart*, 15CR779 WJ, 2015 WL 13651173, *1-2 (D.N.M. Oct. 19, 2015) (unpublished).

Against this authority Defendant cites several cases involving the defendant's confrontation rights not at a pretrial hearing, but at trial, and therefore they are distinguishable on that basis.[2] Only one, *United States v. Clark*, 475 F.2d 240, 246 (2d Cir. 1973), involves a suppression hearing. In *Clark*, the trial court excluded the defendant entirely from the hearing, which the Court found to be a violation of his confrontation rights. However, that is not what is proposed in this case. Defendant will not be excluded from the hearing but rather will be a full

---

[2] One of these, *Kentucky v. Stincer*, 482 U.S. 730, 744 (1987), held that that a defendant's rights under the Confrontation Clause were not violated by his exclusion from witnesses' competency hearing where the defendant had the opportunity for full and effective cross-examination of the two witnesses during trial.

7

participant with the ability to see and hear the witnesses, counsel, and the Court to the same extent as everyone else in the hearing. He will also be in the same room as his attorney and therefore will have the ability to consult with him in the same manner that he would at an in-person hearing. Therefore, even if the Court agreed with *Clark* court's presumption that the Confrontation Clause applies in a suppression hearing—which it does not—the case is distinguishable.

In sum, conducting the suppression hearing by videoconference does not violate Defendant's right to confrontation.

Nor does it violate his Sixth Amendment right to have effective assistance of counsel. Defendant admits that he will have the assistance of counsel at the suppression hearing, but he suggests that his counsel will not be effective if the hearing takes place via videoconference. Defendant offers no support for this argument[3], and the Court finds it unpersuasive. First, before the pandemic hit, Defendant had agreed to let at least some witnesses testify via videoconference. It seems unlikely that he would have agreed to this if he believed that his counsel could not effectively examine those witnesses in that format. Second, he asserts that he and his attorney will not be able to fully assess the demeanors and body language of the witnesses, Assistant U.S. Attorneys, case agent, or the Court. However, as the Court explained more fully at the status conference, it has conducted many hearings and even a bench trial via videoconference, and it is confident in defense counsel's ability to see, hear, assess, and cross examine witnesses in an effective manner in that format.

---

[3] In his discussion of the deficiencies of the videoconferencing format, Defendant cites cases in which a defendant's presence at sentencing or trial was required by Rule 43. *See* Doc. 280 at 8, 10. As already discussed, Rule 43 does not apply to a hearing on a motion to suppress, so these cases are not relevant.

### III.     Due Process

Defendant argues that he has a due process right to be present at an in-person suppression hearing. However, the authorities he cites do not support his argument. Both *Rushen v. Spain*, 464 U.S. 114, 117 (1983) (mid-trial voir dire of a juror) and *Smallwood v. Gibson*, 191 F.3d 1257, 1279 (10th Cir. 1999) (*ex parte* communication between judge and jury during deliberations) involved trial proceedings from which the defendant was excluded. These were not pretrial hearings. Defendant's argument regarding Rule 43 is similarly unavailing. He contends that while the rule does not require his presence at a suppression hearing, it nevertheless guarantees his right to be there if he so chooses. The text of Rule 43 offers no support for this statement, however. And once again, Defendant is not being excluded from the proceeding. He will attend virtually, like everyone else.

Further, whatever due process right a defendant may have being physically present in the courtroom with the judge, opposing counsel, and witnesses, this right is implicated to a lesser degree in a suppression hearing than it is in an actual trial. *See, e.g., United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("[T]he process due at a suppression hearing may be less demanding and elaborate than the protections accorded the defendant at the trial itself."); *Burke*, 345 F.3d at 425 (finding that suppression hearing by videoconference did not violate defendant's due process rights) . In the hearing set for next week the Court will be able see, hear, and speak to the witnesses, counsel, and Defendant, and they will be able to see, hear, and speak to the Court. Though presence through a screen is not precisely the same as direct physical presence, the difference between the two is not enough to render the proceeding fundamentally unfair and does not deprive Defendant of due process.

**IV.     Other Considerations**

Defendant raised concerns about various other matters. With regard to witness tampering, the Court regards this as unlikely at best. Each witness will be sworn in the same manner as in an in-person hearing, and the Court will instruct each witness that they may not receive any help or coaching, nor may they read from any document other than an exhibit to which one of the attorneys may direct their attention. Again, based on its experience with videoconference hearings, the Court is confident that it could determine if a witness was being coached by another person.

Defendant also argues that because he is willing to wait until it is safe to hold the hearing in person, the Court should postpone it indefinitely. There are several problems with that argument. First, it is impossible to predict the course that this pandemic will take and therefore there is no way to know when it will be safe to hold the hearing in person. The Court cannot in good conscience postpone the hearing with no idea when it might possibly take place. Second, Defendant has already been in custody for more than 1,300 days. Although the case has been declared complex, the Court still has a duty to both Defendant and the Government to move the case as expeditiously as possible. Third, the Government and the alleged victims also have an interest in the timely disposition in this case. *See United States v. Toombs*, 574 Fl.3d 1262, 1268 (10th Cir. 2009) (noting the public interest in bringing prompt criminal proceedings). In other words, a delay is not excusable merely because it is attributable to the defendant: "The Speedy Trial Act was intended not only to protect the interests of defendants, but was also designed with the public interest firmly in mind." *Id*. at 1273 (internal quotation and citation omitted). The victims and the public should not be forced to wait merely because Defendant does not wish to proceed.

Defendant cites concerns over the right of the public to observe the suppression hearing if it is held via videoconference. He cites *Waller v. Georgia*, 467 U.S. 39, 46 (1984), in which the Supreme Court held that under the Sixth Amendment, any closure of a suppression hearing over the objections of the accused must meet the following tests: the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; the closure must be no broader than necessary to protect that interest; the trial court must consider reasonable alternatives to closing the hearing; and it must make findings adequate to support the closure. However, no party in this case seeks to close the suppression hearing to the public, and the Court will provide the public with appropriate electronic access to the hearing.

Finally, Defendant argues that traveling daily from Gallup, New Mexico, where he is being held, to Albuquerque to be with his lawyer for the hearing will leave him with no time before or after the hearing to confer with his counsel. However, it would be no different if the hearing were conducted entirely in-person; that is, Defendant would have to make the same journey every day and would have the same limits on his time.

## **CONCLUSION**

There is no doubt that having a defendant personally appear at a live, in-person hearing on a motion to suppress is the norm in the District of New Mexico. It is also the ideal manner in which to conduct such a hearing. However, neither Rule 43 nor the Constitution mandate that suppression hearings be conducted in this fashion. The suppression hearing to be conducted by videoconference will comport with the Federal Rules of Criminal Procedure, the Constitution, the interests of the Defendant and the public in a timely disposition of the case, and the interest of the public in reducing the spread of COVID-19.

For these reasons, as well as the reasons set forth on the record in open court on July 21, 2020,

**IT IS THEREFORE ORDERED** that the *United States' Motion for Clarification and Request for Telephonic Phone Conference* [Doc. 282] is **GRANTED**, and the Defendant's *Objections to Conducting His Suppression Hearing by Zoom* [Doc. 280] are **OVERRULED**. The hearing on Defendant's motions to suppress will proceed on July 27 as scheduled via Zoom.

_____
**UNITED STATES DISTRICT JUDGE**