IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                                          **CR. No. 16-4571 JCH**

**GUY ROSENSCHEIN,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Non-Party Hany Farid's Motion to Quash Subpoena to Testify at a Hearing or Trial in a Criminal Case* [Doc. 265]. The Court has reviewed the motion as well as the response [Doc. 287]. After considering the arguments and the relevant legal precedents, the Court concludes that Mr. Farid's motion to quash should be denied.

### BACKGROUND

The procedural and factual history of this case has been well tread in previous orders of this Court, and thus the Court limits discussion of the background to those events that are directly relevant to the present motion.

Defendant has filed three motions to suppress evidence in this case, which are set for evidentiary hearing via videoconference on July 27, 2020. Defendant has argued, in pertinent part, that Microsoft used its PhotoDNA software to perform a search of images that were uploaded using a social media site known as Chatstep. According to Defendant, Microsoft acted as a government agent when it performed the warrantless search, and therefore his Fourth Amendment rights were violated.

## LEGAL STANDARD

Federal Rule of Civil Procedure 17(a) governs subpoenas *ad testificandum* in criminal proceedings. However, the Rule is silent as to whether such subpoenas may be quashed or modified. On the other hand, the proponent of a subpoena under Federal Rule of Criminal Procedure 17(c) bears the burden of proving that it is not "unreasonable or oppressive." *See U.S. v. Nixon*, 418 U.S. 683, 698-699 (1974). As the First Circuit has stated, "[r]oughly the same standard applies to subpoenas compelling the attendance of witnesses, i.e., subpoenas ad testificandum." *Stern v. U.S. Dist. Court for the Dist. Of Mass.*, 214 F.3d 4, 17 (1st Cir. 2000) ("Although Rule 17(a), which governs such subpoenas, does not provide explicitly for quashal or modification, courts routinely have entertained motions seeking such relief and decided them by reference to comparable principles."). "Specifically, a subpoena ad testificandum survives scrutiny if the party serving it can show that the testimony sought is both relevant and material." *Id*. (citations omitted); *see also United States v. Black,* 2018 WL 2208298, Case No. 16-CR-20032-JAR (D. Kan. May 14, 2018) (denying motion to quash Rule 17(a) subpoena because the testimony was relevant) (unpublished); *United States v. Santiestevan*, 2012 WL 2875949, No. 11-cr-00406-CMA (D. Colo. July 12, 2012) (unpublished) (finding that a motion to quash should be denied if the party serving it can show that the testimony sought is both relevant and material); *United States v. North*, 713 F. Supp. 1448, 1449 (D.D.C. 1989) ("[T]he Court is required to determine whether or not defendant has established that Mr. Reagan's appearance is necessary to assure defendant a fair trial."). On the other hand, there is no violation of Rule 17(a) where a subpoena is quashed for seeking testimony which is cumulative or immaterial to the defense. *U.S. v. Beasley*, 479 F.2d

1124, 1128 (5th Cir. 1973). As the Supreme court has explained, Rule 17 may not be used to conduct a general "fishing expedition." *Nixon*, 418 U.S. at 699-700.

## DISCUSSION

Dr. Hany Farid ("Farid") is a Professor in the computer science department at the University of California at Berkeley. According to his Declaration [Doc. 265-2 at 2 of 11], Farid participated in the development of PhotoDNA, a computer algorithm that can scan a photograph to discover if that photograph matches a known exemplar of child pornography without a human being actually opening and viewing the photograph. Farid is the author of the article, "Reining in Online Abuses" that was published in 2018 in the journal *Technology and Innovation*. In that article, Farid writes that in 2008 "Microsoft and NCMEC invited me to attend a yearly meeting of a dozen or so technology companies to provide insight into why, after five years there was no solution to the growing and troubling spread of [child pornography] online." Doc. 265-2 at 6 of 11. He also states that, "[i]n collaboration with NCMEC and researchers at Microsoft, we set out to develop technology that could quickly and reliably identify images from the NCMEC database of known [child pornography] images." *Id*. at 7 of 11. Finally, Farid refers to PhotoDNA as "the robust hashing algorithm . . . that *we* developed." *Id*. (emphasis added).

The subpoena that Defendant served on Farid to testify at the suppression hearing included a subpoena *duces tecum*. It states that Farid is to bring the following with him to the hearing: "Communications, like the 2008 invitation from the National Center for Missing and Exploited Children ("NCMEC") to attend annual meetings of technology companies, between you and NCMEC that address your collaboration with NCMEC and Microsoft to develop PhotoDNA. Communications includes, but is not limited to, letters, emails, and text messages." Doc. 265-1 at 2 of 3. In his Declaration, Farid states that he does not have possession of any documents that are

responsive to this request. Doc. 265-2 at 3 of 11. Defendant offers no reason to disbelieve or contradict Farid on this point, and so Farid is relieved of having to comply with that portion of the subpoena.

Next, Farid states in conclusory fashion that he does not "have personal knowledge that relates to or concerns the Defendant's grounds in support of his motions to suppress evidence, i.e., that non-party Microsoft acted as an agent of federal law enforcement in connection with the discovery of child pornography in the possession of the Defendant." Doc. 265-2 at 3 of 11. No one disputes that Farid cannot testify to the legal conclusion as to whether Microsoft acted as an agent of federal law enforcement. Further, it does not appear that Defendant is asserting that Farid has personal knowledge as to why Microsoft acted in any particular way vis-a-vis Defendant Guy Rosenschein specifically. That is not the purpose for which he would be called to testify. Rather, he would be called to testify regarding his collaboration and communications with Microsoft and NCMEC in designing PhotoDNA—matters regarding which he does not deny having personal knowledge.

Farid's collaboration with NCMEC and Microsoft is highly likely to have given him personal knowledge regarding their interactions with each other and their reasons for working together. This is relevant because in the Tenth Circuit courts use a dual-pronged inquiry to decide if a search by a private individual constitutes state action within the meaning of the Fourth Amendment. *United States v. Souza*, 223 F.3d 1197, 1201 (10th Cir. 2000); *see also United States v. Smythe*, 84 F.3d 1240, 1242-43 (10th Cir. 1996). First, the court determines "whether the government knew of and acquiesced in the [individual's] intrusive conduct." *Souza*, 223 F.3d at 1201 (quotation omitted). Second, we consider "whether the party performing the search intended to assist law enforcement efforts or to further his own ends." *Id*. (quotation omitted). Farid does

4

not deny that as a result of his collaboration with both entities, he has personal knowledge of their words and actions in connection with the design of PhotoDNA that will shine a light on both of these inquiries. Thus, the Court concludes that his testimony is both relevant and material to the issues at the suppression hearing.

Finally, Farid argues that the subpoena should be quashed because he lives out-of-state and it is unsafe to travel due to the COVID-19 pandemic. However, this argument is now moot because the Court will be conducting the suppression hearing via Zoom, a videoconferencing software. Therefore, Farid can testify from the safety of his own home or office.

**IT IS THEREFORE ORDERED** that *Non-Party Hany Farid's Motion to Quash Subpoena to Testify at a Hearing or Trial in a Criminal Case* [Doc. 265] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**