IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>**GUY ROSENSCHEIN**,<br><br>             Defendant. | 1:16-cr-04571-JCH |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAKE JUDICIAL NOTICE (DOC. 303)[1]

The United States respectfully asks the Court to deny Defendant's motion to take judicial notice of documents from a Washington state civil proceeding, *Soto v. Microsoft Corp.*, No. 16-2-31049-4 SEA (Wash. Super. Ct. July 24, 2018), in support of his proffer made during the recent suppression hearing.  Doc. 303.  All of the documents that Defendant requests that the Court take judicial notice of are "subject to reasonable dispute," which means they fail to satisfy the fundamental standard set forth in Federal Rule of Evidence 201.

### BACKGROUND

As Defendant notes, *Soto* was a lawsuit in Washington state court where current and former Microsoft employees sued the corporation for damages.  Doc. 303 at 1–2; *see also* Doc. 86-2 (the *Soto* complaint).  Defendant now asks the Court to take judicial notice of—and

---

[1] During the evidentiary hearing, the Court denied Defendant's request to admit the documents at issue on relevance grounds, but permitted Defendant to submit a proffer on the issue of judicial notice. *See* Transcript of Suppression Hearing (Jul. 27, 2020) at 130–48; Transcript of Suppression Hearing (Jul. 29, 2020) at 187–221.  The Court, in other words, has already determined that the documents cannot come in as substantive evidence.  *See id.*  Regardless, for the reasons stated in this response, the Court should also decline to take judicial notice of the documents because Defendant has not met the standard for admission.

1

therefore admit as evidentiary exhibits—a declaration, two depositions, and an undated report that were previously attached as exhibits to a motion to compel in that case.

The declaration is apparently from one of the plaintiffs' attorneys (Rebecca Roe), who was filing the motion to compel against Microsoft for some unspecific discovery. Doc. 303-1 at 1. The two depositions, in turn, related to the oral examinations of two Microsoft employees (Suzanne Kinzer and Robert Sizemore)[2] and were attached as exhibits to that declaration. *Id.* at 1–2, 5–13, 21–24. And according to the declaration, one of those same employees (Robert Sizemore) authored the undated report, which was also attached as an exhibit to the declaration. *Id.* at 1–2, 15–19.

As Defendant made clear during the suppression hearing, he first sought admission of these documents as exhibits based on his broad reading of ultra-specific language within them. Summed up, that language appears to relate to Microsoft's beliefs about the potential consequences of searching *private* folders on its *own* servers. Doc. 303-1 at 15. During the hearing, though, Defendant was unable to lay the foundation necessary for admission of this material, so he now asks that the Court take judicial notice of this filing. But the Court should decline to do so. For one thing, Microsoft's own interpretation of case law—as well as the report, depositions, and declaration in general—is not binding on the Court. And in any event, those documents fail to satisfy the evidentiary standards that would otherwise allow the Court to take judicial notice of the bunch.

---

[2] The Court will recall that Defendant attempted to call Mr. Sizemore as a witness in this case through a Federal Rule of Criminal Procedure 17(a) subpoena. *See* Transcript of Suppression Hearing (Jul. 29, 2020) at 187–221. The Court will also recall that it quashed that subpoena after finding that Mr. Sizemore's testimony was irrelevant; that the subpoena was untimely; and that Defendant's counsel had contacted Mr. Sizemore, a represented party, without first contacting Mr. Sizemore's counsel. *Id.*

**DISCUSSION**

Judicial notice "permits a judge to accept 'a matter as proved without requiring the party to offer evidence of it.'" *United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (quoting IX Wigmore on Evidence § 2565). But Federal Rule of Evidence 201 constrains the circumstances under which a court may actually do so. According to that rule, upon a party's request, a court "must take judicial notice" of "an adjudicative fact" only when (1) the court "is supplied with the necessary information" and (2) the fact at issue "is not subject to reasonable dispute." Fed. R. Evid. 201(a)–(c). Adjudicative facts, in turn, "are simply the facts of the particular case." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) (quoting *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998)). And as is relevant here, a fact is not subject to reasonable dispute only when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

To be sure, a court's "own records of prior litigation closely related to the case before it"—that is, records from the "same proceeding or in a prior stage of the same controversy"—fall under the rubric of sources whose accuracy cannot reasonably be questioned. *Estep*, 760 F.2d at 1063 (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) and IX Wigmore on Evidence § 2579). And as Defendant correctly observes, "proceedings in *other* courts" can also fall under that rubric—but only if "those proceedings have a direct relation to matters at issue," as well. *St. Louis Baptist*, 605 F.2d at 1172 (emphasis added).

Yet contrary to Defendant's suggestions, the *Soto* documents do not bear a "direct relation" to the matters in this case. True enough, Microsoft is a party in both cases, and both cases deal with online child exploitation. But the similarities end there. A notable difference is that the parties in *Soto* do not appear to have questioned whether Microsoft was an agent of the

3

government, whereas Defendant has made that a primary issue in his case. Bringing in documents from a case where agency was apparently not in question to *prove* agency in this case makes little sense. That is especially true when Defendant does not explain why the plaintiffs' lawyer in *Soto* attached the documents to the motion to compel, how the documents are trustworthy given that the motion to compel was adverse to Microsoft, whether Microsoft challenged the documents, for what purpose Robert Sizemore apparently created this report, or when he did so. And most importantly: as the Court recognized at several different points in the hearings, the documents *only* relate to Microsoft's supposed beliefs about the potential consequences of searching private folders on its own servers, *not* its beliefs about the consequences of searching public content or content on third-party servers (like Chatstep). *See* Transcript of Suppression Hearing (Jul. 27, 2020) at 130–48; Transcript of Suppression Hearing (Jul, 29, 2020) at 187–221. Taken in tandem, all of these points show that the *Soto* case and Defendant's case are not "related" in the sense that Rule 201 and Tenth Circuit case law demand.

Defendant's reliance on *Anderson v. Cramlet*, 789 F.2d 840 (10th Cir. 1986), does not change that fact. While Defendant correctly captures the factual and procedural background of that case, Doc. 303 at 3–4, he fails to highlight a fundamental difference between *Anderson* and his own case. Specifically, the previous court proceedings that the *Anderson* court took judicial notice of occurred within the same court, and those proceedings led to and formed the basis of the defamation claim in that case. *Anderson*, 789 F.2d at 845. And as a result, the *Anderson* court would have been unable to decide the defamation claim *without* taking judicial notice of the previous court proceedings. *Id.* Under those circumstances, the previous court proceedings of course had a "direct relation" to the case at hand. But again, that same hand-in-hand quality does not arise in Defendant's instant case. *Anderson* is therefore inapposite.

For all these reasons, *Soto* does not bear a "direct relation" to Defendant's case. As the United States explained above, many questions surround *Soto* and the documents from it that are at issue. As a result, the accuracy of those documents can "reasonably be questioned," which means that they remain "subject to reasonable dispute" under Rule 201. Taking judicial notice that those documents *were filed* in another case is one thing; considering the *substance of the documents* is a completely different story. The former may be appropriate, but the United States respectfully suggests that the latter is not, especially since Defendant wants the Court to take judicial notice of the documents so he can definitively establish a counterfactual "fact": that Microsoft's beliefs about private content on its own servers somehow speaks to the question of agency in a case that otherwise involves publically-accessible chatrooms on a private, third-party server. Thus, even if the Court sets aside Defendant's previous inability to lay the necessary foundation to admit the exhibits, the Court should nevertheless deny Defendant's request to take judicial notice of the documents.

## CONCLUSION

The Court should deny Defendant's request to take judicial notice of the *Soto* documents. But even if it accepts his request to take judicial notice in support of his proffer, those documents are irrelevant and remain inadmissible.

                                            JOHN C. ANDERSON
                                            United States Attorney

                                            *Electronically filed August 3, 2020*
                                            STEPHEN A. WHITE
                                            SARAH J. MEASE
                                            HOLLAND S. KASTRIN
                                            Assistant United States Attorneys
                                            P.O. Box 607
                                            Albuquerque, NM 87103
                                            (505) 346-7274

I HEREBY CERTIFY that the foregoing
pleading was filed electronically through the
CM/ECF system, which caused counsel of record
for Defendant to be served by electronic means.

/s/
SARAH J. MEASE
Assistant United States Attorney